UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KATIE BROOKS and NANNETTE WRIDE, <br><br>Plaintiffs, <br><br>v. <br><br>STEVENS-HENAGER COLLEGE, INC., a Utah Corporation; CALIFORNIA COLLEGE SAN DIEGO, INC., a Utah Corporation; COLLEGEAMERICA DENVER, INC., a Colorado Corporation; COLLEGEAMERICA ARIZONA, INC., a Colorado Corporation CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., an Indiana corporation; CARL BARNEY, an individual; and DOES 1-500, Inclusive, <br><br>Defendants. | Case No. 1:13-CV-00009-BLW <br><br>**ORDER** |

Earlier in this case, the Court entered an order allowing the government until April 8, 2014 to decide whether to intervene. *See Mar. 11, 2014 Order,* Dkt. 21. On April 7, 2014, the government notified the Court and the relators that it intends to intervene in part of the complaint – specifically, the part alleging "that the Defendants paid

impermissible incentive compensation to admission consultants in violation of the Higher Education Act's 'Incentive Compensation Ban,' 20 U.S.C. § 1094(a)(2), and made material false statements to the Department of Education as to their compliance with the Higher Education Act and their eligibility to receive federal funding thereunder." *Notice*, Dkt. 23, at 2. In its intervention notice, the government also made the following requests:

**The Complaint in Intervention.** The government asks for 90 days in which to prepare and file a complaint in intervention. The United States has not explained why it needs such a lengthy additional period in which to prepare and file a complaint. The Court will therefore deny the request. The government shall file its intervention complaint within 21 days of this Order.

**The Seal.** The government asks the Court to preserve the seal for all documents previously filed in this case – save for the relators' complaint and amended complaint and the government's intervention notice. The government has not supported this request with citation to authority. (The government has known for nearly a month that this entire case would be unsealed on April 8, 2014. *See Mar. 11, 2014 Order,* Dkt. 21). Instead, the government dropped this sentence into the end of its intervention notice:

> The United States requests that all other papers previously filed in this action [i.e., everything but the complaint, the amended complaint, and the government's notice of intervention] remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended.

*Notice of Election to Intervene*, Dkt. 23, at 3.

The United States seems to be suggesting that because these materials were filed under seal in the first place, they should remain under seal without any further analysis. But the *qui tam* statute does not expressly contemplate such a procedure. *See generally* 31 U.S.C. § 3730(b); *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994) ("The Qui Tam statute evinces no specific intent to permit or deny disclosure of *in camera* material as a case proceeds."). Under these circumstances, the Court believes the logical default rule is that if the *qui tam* complaint is unsealed, then the government's earlier *in camera* submissions should be unsealed as well, unless the government establishes cause for preserving the seal. *Cf. ACLU v. Holder,* 673 F.3d 245, 249 (4th Cir. 2011) (if the court declines the government's motion to extend the seal, then the *qui tam* complaint, the docket sheet, the government's in camera submission, and the order denying the motion should be unsealed as well).

Here, the government has not meaningfully explained why any particular document or group of documents should remain sealed. The Court will therefore deny the government's motion to preserve the seal on selected filings in this case.

**Request for Notice.** The government has also requested notice and an opportunity to be heard if the Relators or the Defendants propose that the part of the action in which the government has not intervened be dismissed, settled, or otherwise discontinued. The Court will grant this request. *See United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 723-25 (9th Cir. 1994).

Accordingly, **IT IS ORDERED that:**

1. This entire case shall be unsealed as of the date of this order.

2. The relators, using due diligence, shall serve their complaint upon defendants as previously ordered.

3. The United States shall serve its complaint in intervention upon defendants, together with this order, within 21 days of the date of this order.

4. As to the part of the action in which the United States has declined to intervene, the parties shall serve all pleadings and motions filed in that part of the action, including supporting memoranda, upon the United States, as provided for in 31 U.S.C. § 3730(c)(3). The United States may order any deposition transcripts as set forth in 31 U.S.C. § 3730(c)(3). The United States may also seek to intervene in other parts of the action at a later date pursuant to 31 U.S.C. § 3730(c)(3).

5. All orders of this Court in this action shall be sent to the United States.

DATED: April 8, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court