UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KATIE BROOKS and NANNETTE WRIDE,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEVENS-HENAGER COLLEGE, INC., a Utah Corporation; CALIFORNIA COLLEGE SAN DIEGO, INC., a Utah Corporation; COLLEGEAMERICA DENVER, INC., a Colorado Corporation; COLLEGEAMERICA ARIZONA, INC., a Colorado Corporation; CENTER FOR EXCELLENCE IN HIGHER EDUCATION, an Indiana corporation; CARL BARNEY, an individual; and DOES 1-500, Inclusive,<br><br>    Defendants. | Case No. 1:13-cv-00009-BLW<br><br>ORDER |

Before the Court are three motions: (1) the United States' Motion to Seal Exhibits A through K to its Complaint in Intervention, Dkt. 42; (2) Relators' Motion to Partially Seal the Second Amended Complaint, Dkt. 50; and (3) a Joint Motion to Extend

MEMORANDUM DECISION AND ORDER - 1

the Deadline to File Responsive Pleadings, Dkt. 67.  For the reasons expressed below, the Court will deny the government's motion to seal, grant the relators' motion to seal, and grant the joint motion to extend the deadline to file responsive pleadings.

## BACKGROUND

The relators in this case, Katie Brooks and Nannette Wride, worked as admissions consultants for Stevens-Henager College.  Their central allegation is that Stevens-Henager and its affiliated schools pay admissions consultants hefty bonuses just for enrolling students – regardless of whether these students need or will benefit from college courses.  Each school, however, has signed a participation agreement with the United States government which has an incentive-compensation ban.  As its name suggests, the incentive-compensation ban prohibits schools from paying admissions personnel incentives simply for enrolling students.  *See Second Am. Comp.* ¶¶ 49-50 (citing 20 U.S.C. §§ 1094(a)(20) (the incentive-compensation ban); 34 C.F.R. § 668.14(b)(22) (regulations related to the incentive-compensation ban)).

The relators allege that defendants violated the False Claims Act, 31 U.S.C. §§ 3279-33, by telling the government that they would not make incentive payments to their admissions personnel based on their success in enrolling students.  *See e.g., id.* ¶¶ 405-14.  According to the relators' complaint, when the schools falsely certified they were not making these incentive payments, they fraudulently induced the Department of Education to make them eligible to participate in programs established under Title IV of the Higher Education Act (HEA).  Ultimately, based on these allegedly false

certifications, relators allege that "each and every one of the claims . . . [defendants] submitted or caused to a student to submit violated the FCA [False Claims Act]." *Id.* ¶ 408.

## PROCEDURAL HISTORY

The relators bring this action under the *qui tam* provisions of the False Claims Act. *See* 31 U.S.C. § 3730(b)(2). These provisions allow private individuals to sue on behalf of the United States government. A *qui tam* action is initially filed under seal for a 60-day period, which gives the government a chance to investigate the claims and decide whether it wishes to intervene in the action. Relators are also required to serve the complaint and written disclosures of all material evidence in their possession upon the government.

In this case, after the complaint was originally filed, the government sought and received several lengthy extensions to the 60-day seal period. *See* Dkts. 7, 9, 13, 15, 20 (motions seeking extensions of time); Dkts. 6, 8, 10, 14, 19, 24 (orders related to motions to extend). As a result of these extensions, the government had about 15 months in which to investigate relators' allegations before deciding whether to intervene. *See Jan. 3, 2013 Compl.*, Dkt. 1*; Apr. 7, 2014 United States' Notice of Election to Intervene in Part,* Dkt. 23. The Court lifted the seal in April 2014, and the government filed its complaint in intervention on May 2, 2014. *See* Dkts. 24, 41. At the parties' joint request, the Court also allowed the relators until May 13, 2014 to file an amended complaint. *See April 28, 2014 Order on Joint Motion to Modify,* Dkt. 35.

Relators filed their second amended complaint on May 13, 2014, but in so doing, they redacted some of the new allegations and concurrently asked this Court to seal these redacted portions of the complaint for 60 days, in accordance with 31 U.S.C. § 3730(b)(2). Relators say these redacted portions contain "information about additional alleged claims . . . never before set forth in any prior complaint." *Mot. Mem.*, Dkt. 51, at 2. They therefore propose to file their unredacted second amended complaint under seal, which would provide the government with a fresh 60 days in which to investigate the new allegations while, at the same time, the defendants would not be aware of the content of these allegations.

Finally, while relators' motion to seal was pending, all parties jointly requested an extension of time for defendants to file responsive pleadings.

## DISCUSSION

The Court will address each motion in turn, beginning with the government's unopposed motion to seal exhibits to its complaint in intervention.

### 1.     The Government's Motion to Seal Exhibits

The government asks the Court to seal all 11 exhibits to its complaint. It supports this request with just three sentences:

> Exhibits A and B are Program Participation Agreements signed by Stevens-Henager. Exhibits D through K include Steven-Henager employment manuals and internal directives to employees that are not public documents and may contain proprietary information. [¶] Rather than seal some but not all exhibits, the Plaintiff requests that this Court seal Exhibits A through K to prevent the disclosure of proprietary information and prevent later confusion as to what may or may not be sealed.

*Motion*, Dkt. 42, ¶¶ 3-4.

This brief argument falls short.  Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point."  *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted).  To overcome this presumption, a party must articulate compelling reasons in favor of sealing a judicial record.  *See id.*

Here, the government has not addressed this standard, much less satisfied it.  In fact, the government does not directly say any particular document contains information that is "traditionally kept secret."  *Id.*  The most it says is that some documents "may" contain proprietary information.  This is not enough to justify a seal.  The Court will therefore deny the government's motion to seal, though it will do so without prejudice.

2.      **Relators' Motion to Partially Seal the Second Amended Complaint**

The Court will grant the relators' motion to seal portions of the second amended complaint and to concurrently file a redacted, public version of that complaint.  Relators acknowledge that the False Claims Act does not definitively require amended complaints to be filed under seal.  *See Mot. Mem.*, Dkt. 51, at 2 (indicating only "that the False Claims Act *may* require" filing under seal).  The governing statute just says that "[t]he complaint" should be filed under seal; it does not distinguish between original complaints

and amended complaints.  *See* 31 U.S.C. § 3730(b)(2) ("*The complaint* shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders.") (emphasis added).

In keeping with the underlying reasons for the seal, some courts have held that an amended complaint must be filed under seal only if it adds new claims or if it adds substantially different allegations of fraud.  *See, e.g., United States ex rel. Davis v. Prince,* 766 F. Supp. 2d 679, 684 (E.D. Va. 2011).  This is true even if an amended complaint adds a new defendant.  In *Wisz ex rel. United States v. C/HCA Dev. Inc.,* 31 F. Supp. 2d 1068, 1069 (N.D. Ill. 1998), for example the court held that a seal was unnecessary because even though the amended complaint added a new defendant, it "alleged the same type of fraudulent conduct as the original complaint, which the Government already had a chance to review."

Here, the Court concludes, by a narrow margin, that some of the new allegations in the second amended complaint contain substantial and different allegations of fraud. The Court will therefore allow the relators to file the unredacted version of the second amended complaint under seal and in camera for a 60-day period.  The government should be aware, however, that the Court has no intention of granting any extensions to the seal.  Within this 60-day period, the government should easily be able to: (1) investigate the new allegations, (2) decide whether to intervene in the new allegations, and (3) make any necessary filings related to its intervention decision with the Court,

including any amended complaint in intervention or any pleading indicating a notice not to intervene.

### 3. Joint Motion to Extend

Earlier, this Court ordered that defendants would need to file their responsive pleadings by July 14, 2014. At this point, however, the defendants have not even seen the redacted allegations in the second amended complaint. The Court will therefore grant the parties' joint motion to extend defendants' deadline to file responsive pleadings.

## ORDER

For the reasons stated above, **IT IS ORDERED that**

**(1)** The United States' Motion to Seal Exhibits A through K to its Complaint in Intervention (Dkt. 42) is **DENIED WITHOUT PREJUDICE.** If no party files a motion to seal within 30 days of this Order, these exhibits will be unsealed without further order from this Court. If any party brings a motion to seal within this 30-day period, the records shall remain sealed until the Court rules on the new motion to seal.

**(2)** Relators' Motion to Partially Seal the Second Amended Complaint (Dkt. 50) is **GRANTED.** The unredacted version of the Second Amended Complaint, which the relators have provided to the Court *in camera,* shall be sealed for 60 days from the date of this Order. Relators shall immediately serve the government with a copy of the unredacted the second amended complaint, along with a written disclosure of substantially all material evidence and

information relators possess relating to the new allegations in the second amended complaint.

**(3)** The parties' Joint Motion to Extend Deadline to File Responsive Pleadings (Dkt. 67) is **GRANTED**.  Defendants' responsive pleadings shall be due no less than 30 days after:

   a. the United States either files a pleading indicating its decision not to intervene in any new claims raised by relators or files an amended complaint in intervention;

   b. the unredacted Second Amended Complaint is unsealed; and

   c. the unredacted Second Amended Complaint is served on defendants.

DATED: July 7, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court