Eric B. Swartz, ISB #6396
Mark P. Coonts, ISB #7689
JONES & SWARTZ PLLC
1673 W. Shoreline Drive, Suite 200 [83702]
P.O. Box 7808
Boise, ID 83707-7808
Telephone:  (208) 489-8989
Facsimile:  (208) 489-8988
Email:eric@jonesandswartzlaw.com
mark@jonesandswartzlaw.com

Steven M. Gombos (*Admitted pro hac vice*)
Gerald M. Ritzert (*Admitted pro hac vice*)
RITZERT & LEYTON, P.C.
11350 Random Hills Road, Suite 400
Fairfax, VA 22030
Telephone:  (703) 934-2660
Email: sgombos@ritzert-leyton.com
gritzert@ritzert-leyton.com

Attorneys for Defendants Stevens-Henager College, Inc.; California College San Diego, Inc.; CollegeAmerica Denver, Inc.; CollegeAmerica Arizona, Inc.; Center for Excellence in Higher Education, Inc.; and Carl Barney

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. KATIE BROOKS and NANNETTE WRIDE, | ) ) ) | Case No. 1:13-CV-00009-BLW |
| Plaintiffs, | ) ) ) | **DEFENDANTS' MEMORANDUM IN SUPPORT** |
| STEVENS-HENAGER COLLEGE, INC. a Utah Corporation; CALIFORNIA COLLEGE SAN DIEGO, INC., a Utah Corporation; COLLEGEAMERICA DENVER, INC., a Colorado Corporation; COLLEGEAMERICA ARIZONA, INC., a Colorado Corporation; CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., an Indiana Corporation; CARL BARNEY, an individual; and DOES 1-500, Inclusive, et al. | ) ) ) ) ) ) ) ) ) ) ) ) | **OF MOTION TO SEAL CERTAIN EXHIBITS TO UNITED STATES' COMPLAINT IN INTERVENTION** |
| Defendants. | ) ) | |

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................. 1

II.    RELEVANT PROCEDURAL BACKGROUND ................................................................. 1

III.   RECORDS AT ISSUE.......................................................................................................... 1

IV.    LEGAL STANDARD........................................................................................................... 2

V.     ARGUMENT – APPLICATION OF LAW TO FACTS ...................................................... 3

  A.   The Subject Exhibits Are Defendants' Unique and Proprietary Materials.......................... 3

  B.   Defendants Make Significant Efforts To Prevent Disclosure Of The AC Manuals. ........... 4

  C.   Disclosure Of The AC Manuals Could Result In Improper Use. ........................................ 5

  D.   Release Of The AC Manuals Will Not Serve The Public Interest....................................... 6

VI.    CONCLUSION..................................................................................................................... 6

## **TABLE OF AUTHORITIES**

*Davis v. Social Service Coordinators, Inc.*, 2012 U.S. Dist. LEXIS 74057 (E.D.Ca. 2012) ......... 3

*Hagestad v. Tragesser*, 49 F.3d 1430, (9th Cir. 1995) ................................................................. 2

*Kamakana v. City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ...................................................... 5

*Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206 (9th Cir. 2002) ....................................................... 2

*Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010) ..................................................... 2

*Rich v. Shrader*, 2013 U.S. Dist. LEXIS 161850 (S.D.Ca. 2013) .................................................. 3

*San Jose Mercury News v. U.S. Dist. Ct.*, 187 F.3d 1096, (9th Cir. 1999) ..................................... 2

## I.     INTRODUCTION

Defendants Stevens-Henager College, Inc., California College San Diego, Inc., College America Denver, Inc., College America Arizona, Inc., Center for Excellence in Higher Education, Inc., and Carl Barney (collectively, "Defendants" or "Colleges") respectfully request that this Court seal certain documents attached to United States' Complaint in Intervention ("Government Complaint"), Dkt. 41, upon the following information and grounds.

## II.     RELEVANT PROCEDURAL BACKGROUND

On May 2, 2014, the United States filed the Government Complaint under the *qui tam* provision of the False Claims Act.  Dkt. 41.  The Government Complaint includes numerous exhibits, all of which were filed under seal, along with a motion requesting designation that the exhibits be officially sealed.  Dkt. 42, 43.  In denying the government's Motion, this Honorable Court concluded that the Motion failed to articulate the compelling reasons required to justify a seal.  *See* Dkt. 74.  The government's Motion was denied without prejudice and the Court allowed the parties additional time to file motions to seal for this Court's consideration.  *Id*.  Defendants proceed mindful of the Court's admonition that any request to seal must provide sufficient justification for the Court to exercise its discretion to withhold judicial records from public view.

## III.     RECORDS AT ISSUE

Defendants do not contend that *all* of the exhibits to the Government Complaint warrant protection under seal.[1]  Instead, Defendants' request is limited to Exhibits D through K of the

---

[1] Defendants do not seek the sealing of Exhibit A (2007 Program Participation Agreement), Exhibit B (2010 Program Participation Agreement), or Exhibit C (Dept. of Ed., Office of Inspector General, Audit Guide) to the Government's Complaint.

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO SEAL - 1
Case No.:  1:13-CV-00009-BLW

Government Complaint ("Subject Exhibits")[2] which contain proprietary and competitively sensitive information, the disclosure of which would be detrimental to Defendants' business.[3]  *See*, Dkt. 41 at Exhibits D-K.  A description of the Subject Exhibits is provided below and in the supporting Declaration of Eric Juhlin ("Juhlin Decl.").  The Subject Exhibits were conceived, developed, and implemented by Defendants at significant expense for the exclusive use in Defendants' business operations.  Juhlin Decl. at ¶¶ 7-16, 22-25.  For the reasons set forth below and as supported by Mr. Juhlin's Declaration, good cause exists to seal the Subject Exhibits.

## IV.   LEGAL STANDARD

While most courts recognize a presumption of public access to court records, every court has inherent, supervisory power over its own records and files.  *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995).   The presumption of access to court records is overcome when a party demonstrates important countervailing interests in maintaining the confidentiality of sensitive business information.  *San Jose Mercury News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).  "In deciding whether sufficient countervailing interests exist, the court will look to the public interest in understanding the judicial process and whether disclosure of the material could result in improper use . . ."  *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1213 (9th Cir. 2002) (internal citations omitted); *see also*, *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010).

---

[2] The United States only gained possession of the Subject Exhibits pursuant to a Subpoena Duces Tecum issued to Stevens Henager College, Inc.  Juhlin Decl. at ¶¶ 4, 5.  Defendants consciously marked each page of the Subject Exhibits as "Confidential" prior to delivering them to the Government.  *Id*. at ¶ 26.

[3] The Subject Exhibits are not being filed with the Court with this Motion because they are already filed under seal as exhibits to the Government Complaint.  *See* Dkt. 43.

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO SEAL - 2
Case No.:  1:13-CV-00009-BLW


### V.  ARGUMENT – APPLICATION OF LAW TO FACTS

The Subject Exhibits include many documents, including Admissions Consultant Manuals, Procedure Directives, and Information Letters (collectively, "AC Manuals").[4]  The AC Manuals contain the type of confidential and proprietary information that courts have deemed to warrant protection and should therefore be sealed.  *Davis v. Social Service Coordinators, Inc.*, 2012 U.S. Dist. LEXIS 74057 *6 (E.D.Ca. 2012) (permitting seal of company's training material); see also, *Rich v. Shrader*, 2013 U.S. Dist. LEXIS 161850 *4-5 (S.D.Ca. 2013) (permitting seal of company's internal policies and procedures as well as financial performance metrics).  The following provides the analysis of the compelling reasons why the AC Manuals should be sealed.

### A.  The Subject Exhibits Are Defendants' Unique and Proprietary Materials.

The AC Manuals were independently developed, maintained, and implemented by Defendants.  Juhlin Decl. at ¶¶ 7-28.  Defendants utilize strategies found in the AC Manuals to improve their employees' performance.  *Id.* at ¶¶ 11-12.  Defendants consider and treat the AC Manuals as confidential and proprietary materials.  *Id*.  The AC Manuals are the result of the Defendants having expended significant resources, including time and money, creating, utilizing, and revising them.  *See*, Juhlin Decl. at ¶¶ 14, 23.

---

[4] Procedure Directives, Information Letters, and other documents are components of the Admissions Consultant Manuals.  The United States selectively extracted such components and used them as stand-alone exhibits to the Government Complaint.  Any reference to AC Manuals includes any of its components including, but not limited to, Procedure Directives and Information Letters.

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO SEAL - 3
Case No.:  1:13-CV-00009-BLW

**B. Defendants Make Significant Efforts To Prevent Disclosure Of The AC Manuals.**

Defendants have taken significant measures to prevent the AC Manuals from unauthorized and/or public disclosure and/or use. The AC Manuals were independently created and are used in Defendants' business. Juhlin Decl. at ¶ 15. Indeed, the AC Manuals carry with them copyright protection. *Id.* at ¶ 27. Defendants treat the AC Manuals as proprietary trade secrets and limit and control their distribution. For example, employees are required to execute a Confidentiality and Trade Secrets Agreement and Employee Proprietary Agreement (collectively referred to as "Confidentiality Agreements") prior to granting access to the AC Manuals. Juhlin Decl. at ¶ 17; *see also* Agreements Signed by Relator Brooks, Exhibit 1 to Juhlin Decl. In executing the Confidentiality Agreements, employees agree, among other things, that:

> "During and after the term of its relationship with Company, Party will not use, copy or transfer Confidential Information other than as necessary in carrying out its duties on behalf of Company, without first obtaining Company's consent, and will take all reasonable precautions to prevent inadvertent use, copying or transfer of such Confidential Information."[5]

*Id.*

---

[5] Pursuant to the Confidential Agreements, "'Confidential Information'" shall mean information and data, in any form (including but not limited to oral, written, graphic or electromagnetic form), whether originated by Company or Party or another, which is used in Company's business and is (i) proprietary to, about or created by Company; or (ii) gives Company some competitive business advantage or the opportunity of obtaining such advantage or the disclosure of which could be detrimental to the interests of Company; or (iii) designated as Confidential Information by Company, or from all the relevant circumstances should reasonably be assumed by Party to be confidential and proprietary to Company; or (iv) not generally known by non-Company personnel." *See* Agreements Signed by Relator Brooks, Exhibit 1 to Juhlin Decl. The Confidential Agreements go on to specifically define and include the following as Confidential Information: "Proprietary Data", "Business Operations", "Marketing and Development Operations", and "Customers/Students". *Id.*

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO SEAL - 4
Case No.: 1:13-CV-00009-BLW

Defendants take significant steps to limit access to the AC Manuals even amongst their employees. Juhlin Decl. at ¶¶ 19-21.  For example, Defendants maintain the AC Manuals electronically on a secure data management system called SharePoint which is used by Defendants to house proprietary records.  *Id*. at ¶ 20.  SharePoint is only accessible to existing employees and requires use of a unique password.  The AC Manuals are also maintained in a format that prevents unauthorized editing or deletion.  *Id.*   Access to SharePoint is immediately terminated when employment ends.  *Id*. at ¶ 20.

Since the AC Manuals are records that are traditionally kept secret by Defendants, the general presumption in favor of access is negated.  *See*, *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Preventing the release of trade secrets is a compelling reason sufficient to justify sealing the AC Manuals.  *Id*. at 1179.

### C. Disclosure Of The AC Manuals Could Result In Improper Use.

The education industry in which Defendants operate is highly regulated and intensely competitive.  Widespread disclosure of the AC Manuals would provide Defendants' competitors access to a crucial component of Defendants' business processes and would result in significant harm to Defendants' business interests. Juhlin Decl. at ¶¶ 23-25.  The 16-step enrollment process includes the materials, policies, training, and procedures that provide Defendants a competitive advantage in the higher education sector.  Juhlin Decl. at ¶¶ 13, 24-25.  If a seal is not granted, the systems reflected in the AC Manuals would be disclosed to Defendants' competitors and improperly provide them with Defendants' strategic operational information including its enrollment process, its training methodology, and its expectations for employee performance.  *Id*.  If disseminated, such information could be utilized by Defendants' competitors to gain an unfair advantage.  *Id*. at ¶ 29.

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO SEAL - 5
Case No.:  1:13-CV-00009-BLW

### D. Release Of The AC Manuals Will Not Serve The Public Interest.[6]

The AC Manuals offer no intrinsic value to the public. The AC Manuals reveal Defendants' unique business strategies and procedures including the developmental training that Defendants' admissions consultants receive in the context of the Colleges' day-to-day operations. Juhlin Decl. at ¶ 11. The public would receive little, if any, benefit from having access to such information. Disclosure would provide absolutely no useful insight into the judicial process. However, disclosure would expose and likely result in significant harm to Defendants' business. As a result, compelling reasons justify preventing disclosure of the AC Manuals and those compelling reasons outweigh the public's interest in disclosure.

## VI. CONCLUSION

Compelling reasons support this request to seal the AC Manuals. The AC Manuals contain Defendants' confidential and proprietary information. Indeed, Defendants' business interests are exposed to significant harm if the AC manuals are not sealed. Moreover, the public's interest in the AC Manuals does not outweigh the compelling reasons to seal the AC Manuals in this instance. For the reasons stated above, Defendants respectfully request that the Court enter an order sealing Exhibits D, E, F, G, H, I, J, and K to the Government Complaint.

---

[6] It is significant to this Court's determination that this Motion is made before any dispositive motion has been filed. The public's interest in court filings at this juncture is not as significant as when court submissions are made in support of a dispositive motion. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). No such motion is pending at this time.

                                                          Respectfully Submitted,

Dated: August 7, 2014                                  JONES & SWARTZ PLLC

                                                          ____/s/ Eric B. Swartz_____
                                                          Counsel for Defendants Stevens-Henager College, Inc.; California College San Diego, Inc.; CollegeAmerica Denver, Inc.; CollegeAmerica Arizona, Inc.; Center for Excellence in Higher Education, Inc.; and Carl Barney

Dated: August 7, 2014                                  RITZERT & LEYTON, P.C.

                                                          ____/s/ Steven M. Gombos_____
                                                          Counsel for Defendants Stevens-Henager College, Inc.; California College San Diego, Inc.; CollegeAmerica Denver, Inc.; CollegeAmerica Arizona, Inc.; Center for Excellence in Higher Education, Inc.; and Carl Barney

**Certificate of Service**

      I certify that I will/have electronically file(d) the foregoing with the Clerk of the Court using the CM/ECF system, and sent a copy via electronic transmission to the following:

Mark Paul Coonts – mark@jonesandswartzlaw.com

Eric B Swartz – eric@jonesandswartzlaw.com

Amy S. Howe – Amy.Howe@USDOJ.gov

John N. Zarian – jzarian@parsonsbehle.com

Brandon J. Mark – bmark@parsonsbehle.com

Alissa M Mellem – AMellem@parsonsbehle.com

Joseph Stultz - jstultz@parsonsbehle.com

A. Dean Bennett – adbennett@hollandhart.com

Eric G Maxfield – EGMaxfield@hollandhart.com

Gerald Ritzert – gritzert@ritzert-leyton.com

Steven M. Gombos – sgombos@ritzert-leyton.com

Richard Greener – rgreener@GreenerLaw.com

Christina Morrow – cmorrow@greenerlaw.com

Carolyn Baldino – cbaldino@GreenerLaw.com

Thomas J. Lloyd III – tlloyd@GreenerLaw.com

 

                                                              _____
                                                              Eric B. Swartz
                                                              Mark P. Coonts

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO SEAL - 8
Case No.:  1:13-CV-00009-BLW