# Exhibit C



201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Main  801.532.1234
Fax   801.536.6111

A Professional
Law Corporation

Brandon J. Mark
Attorney at Law
Direct  801.536.6958
BMark@parsonsbehle.com

September 8, 2014

**VIA EMAIL AND U.S. MAIL**

Ultimate Software
2000 Ultimate Way
Weston, FL 33326
ultiproinfo@ultimatesoftware.com

Re:   Preservation of Documents and Electronically Stored Information in *United States of America ex rel. Katie Brooks and Nannette Wride v. Stevens-Henager College, Inc., et al.*, Case No. 1:13-CV-00009-BLW (District of Idaho)

To the Custodian of Records or Office Manager:

Ultimate Software has been identified as a third party likely possessing documents and electronically stored information relevant to the above-captioned lawsuit, which is currently pending in the District of Idaho. The lawsuit asserts violations under the federal False Claims Act, and the United States government has partially intervened in the matter. From the information we have gathered, it appears that Ultimate Software d/b/a UltiPro provided payroll and similar services to the named defendants in the lawsuit, including but not limited to CollegeAmerica, Stevens Henager College, California College of San Diego, Center for Excellence in Higher Education, and their owner, Carl Barney. Factual issues related to the services that Ultimate Software may have provided to the defendants are at the center of the lawsuit. In particular, the lawsuit alleges that the defendants made illegal payments to certain employees. It appears that the defendants used the services and products provided by Ultimate Software to carry out these activities. To be clear, we do not believe Ultimate Software has any responsibility for these alleged illegal payments. As a result, we direct this letter to your attention and ask that you forward this communication to any agents, employees, representatives, and other persons (collectively, "Ultimate Software") who are responsible for these matters or are reasonably likely to have information in their personal possession about the issues in or parties to the lawsuit.

Even though you are no doubt aware of the obligation of a party or witness to a lawsuit to preserve, and not to destroy, evidence relating to the case, this letter is a formal request and notice to this effect to Ultimate Software. In particular, we request that Ultimate Software preserve—which means to take affirmative steps to prevent the destruction, alteration, or loss of—any paper or electronic files and/or other data generated by or stored on computers, servers,

Ultimate Software
September 8, 2014
Page Two

and storage media (e.g., hard disks, floppy disks, backup tapes, Zip cartridges, CDs, DVDs, smartphones, iPhones, etc.), or any other electronic data, such as voice mail or text messages, which may relate to the dispute in any way. Of particular importance, e-mail communications must be persevered.

To expand, please note that electronic documents, and the storage media on which they reside, contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we may eventually seek all documents in their electronic form, along with information about those documents contained on the media.

In addition, in order to avoid spoliation, Ultimate Software may have to suspend certain normal computer maintenance procedures, including but not limited to such procedures as automatic deletion, until such time as electronic files can be separately preserved.

Based on the services performed by Ultimate Software, it is likely that all or most documents and electronically stored information in Ultimate Software's possession relating to the defendants identified above are relevant to the lawsuit. The lawsuit relates to historical events, thus all documents or information, even relatively old ones, are subject to this preservation demand.

We appreciate your cooperation in this matter. Please feel free to contact us if you have any questions or would like to discuss this matter further.

          Sincerely,

          PARSONS BEHLE & LATIMER

          Brandon J. Mark

BJM:an
cc: Amy Howe, Assistant United States Attorney (via e-mail only)

4840-3841-8206.1



September 16, 2014

Brandon Mark
Parson Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 8411

      Re: Preservation of Documents and Electronically Stored Information in *United Sates of America ex rel. Katie Brooks and Nannette Wride v. Stevens-Henager College, Inc., et al.,* Case No. 1:13-CV-00009-BLW (District of Idaho)

Dear Mr. Mark,

    This letter is to confirm receipt of your letter dated September 8, 2014 requesting that the Ultimate Software Group, Inc. ("Ultimate Software") preserve any and all records related to the above referenced matter.   Ultimate Software will comply with the request to the extent it is able to.

    Please note that Ultimate Software does not own any of Center for Excellence in Higher Education's ("Center for Excellence") data nor have any control over such data, as the information is only stored on our servers.  Center for Excellence may still modify, change and/or delete its own data.

    Please feel free to reach out to me if you would like to discuss this matter further.

                                    Sincerely,

                                    Maria T. Tran
                                    Associate General Counsel
                                    (954) 331-8963

cc:     Dina Roberson, Center for Excellence in Higher Education
        Amy Howe, Assistant United States Attorney