John N. Zarian, ISB No. 7390
PARSONS BEHLE & LATIMER
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email:  jzarian@parsonsbehle.com

*Attorneys for Relators and Plaintiffs*
*Katie Brooks and Nannette Wride*

Brandon J. Mark (pro hac vice)
Joseph M. Stultz (pro hac vice)
Alissa M. Mellem (pro hac vice)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
Email:  bmark@parsonsbehle.com
            jstultz@parsonsbehle.com
            amellem@parsonsbehle.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KATIE BROOKS and NANNETTE WRIDE,<br><br>　　Plaintiffs,<br><br>vs.<br><br>STEVENS-HENAGER COLLEGE, INC., a Utah Corporation; CALIFORNIA COLLEGE SAN DIEGO, INC., a Utah Corporation; COLLEGEAMERICA DENVER, INC., a Colorado Corporation; COLLEGEAMERICA ARIZONA, INC., a Colorado Corporation; CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., an Indiana Corporation; CARL BARNEY, an individual; SHAW, MUMFORD & CO., P.C., an expired Utah Professional Corporation; SHAW & CO., P.C., a Utah Professional Corporation; PRICEWATERHOUSECOOPERS LLP, a Delaware Limited Liability Partnership; and DOES 1-500, Inclusive,<br><br>　　Defendants. | Case No. 1:13-cv-00009-BLW<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

Plaintiffs and Relators Katie Brooks and Nannette Wride ("Relators") respectfully submit this Memorandum in Support of their Motion for Leave to File a Third Amended Complaint ("Motion"). Relators' proposed Third Amended Complaint is attached hereto as Exhibit A. A redline comparison between Relators' Second Amended Complaint and the proposed Third Amended Complaint is attached hereto as Exhibit B.

## INTRODUCTION

Relators seek to file an amended complaint for three reasons: (1) to narrow and streamline the allegations in the complaint relating to the falsity element of Relators' claims, (2) to correct a factual error in the Second Amended Complaint ("SAC") relating to the years that certain auditing firms conducted the required audits of Defendant Schools, and (3) to include additional factual detail about the conduct of the auditors who performed the required audits of Defendant Schools.[1] Although such additional factual detail relating to the auditors' work is not required by Federal Rule of Civil Procedure 9(b) or controlling authority, Relators offer the additional detail to address the auditors' Rule 12(b)(6) motions to dismiss on the basis of Rule 9(b). (ECF Nos.97, 98.) The information offered in the proposed Third Amended Complaint relating to the auditors' work is as specific as possible, disclosing the particular individuals involved, their locations, the relevant time periods of various conduct and communications, the specific information the

---

[1] The Third Amended Complaint also includes some additional factual detail on other issues, which are relatively minor.

auditors received, and the specific false certifications and statements they made to the Department of Education concerning their audit work.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Relators filed their original Complaint (ECF No.1) on January 3, 2013. On September 27, 2013, before the case was unsealed, Relators filed their First Amended Complaint (ECF No.11) with the consent of the United States of America ("the government"), the only other party to the proceedings at the time. *See* Fed. R. Civ. P. 15(a)(2).

On April 8, 2014, the Court ordered this case unsealed. (*See* ECF No.24.) Shortly before the case was unsealed, the government filed a notice that it was partially intervening in the case. (ECF No.23.) On April 25, 2014, all parties to the proceedings at the time jointly moved for an order allowing the government additional time to file its Complaint in Intervention and granting Relators leave to file an amended complaint. (ECF No.33.) On April 28, 2014, this Court entered an order allowing Relators to file the SAC. (ECF No.35.) *See* Fed. R. Civ. P. 15(a)(2).

On May 13, 2014, Relators filed a redacted version of their SAC (ECF No.52), together with a motion to partially seal the SAC while the government investigated new allegations of additional fraud. The Court permitted the partial sealing of the SAC for sixty days, which ended on Friday, September 5, 2014. (ECF No.74.) Pursuant to the Court's instructions, Relators filed and served an unredacted version of the SAC on Monday, September 8, 2014. (ECF No.85.)

Due to the False Claims Act's mandatory seal requirement, 31 U.S.C. § 3730(b)(2), Relators could not as a practical or legal matter conduct an exhaustive

3

investigation of all of the issues set forth in their original Complaint from the time it was filed in January 2013 until it was unsealed in April 2014. Although each of the allegations contained in Relators' original Complaint was based on a reasonable investigation and sufficient to satisfy Relators' pleading obligations, there are other facts—particularly facts that respond to the auditors' various motions to dismiss—that Relators were only able to uncover after the seal was lifted.[2] The proposed Third Amended Complaint sets forth some of these additional facts that Relators have learned about since the unsealing of the lawsuit.

Additionally, after Relators filed the SAC, which alleged, in part, that Defendant PricewaterhouseCoopers ("PwC") had conducted certain audits of Defendant Schools in particular years (2009–2012), Relators learned that while PwC had conducted the audits in 2009 and had conducted the *financial* audits of Defendant Schools in 2010 and 2011, other parties had actually conducted the *compliance* audits in 2010 and 2011 and the financial audit in 2012. Relators' counsel promptly brought this error to the attention of PwC's counsel. (PwC Mem. in Supp. of Mot. to Dismiss ("PwC Mem.") at 6, ECF No.97-1 at 11.) As a result of this new information, Relators need to file an amended complaint to both correct

---

[2] *See, e.g.*, *United States ex rel. Knapp v. Calibre Sys., Inc.*, No. 2:10-CV-4466-ODW, 2012 WL 1577420, at *2 (C.D. Cal. May 4, 2012) (allowing relator's "proposed amendments" to False Claims Act complaint to add "new or clarifying facts that arise out of the same nucleus of operative facts alleged in [p]laintiff's SAC" where "amendments [we]re based on new facts revealed in documents [d]efendant produced during discovery"); *United States ex rel. Smith v. Yale New Haven Hosp.*, No. CIV. 3:02CV1205, 2006 WL 387297, at *4 (D. Conn. Feb. 14, 2006) (permitting relator to amend complaint to add further detail to allegations uncovered after filing the original complaint).

these allegations and name an additional defendant—the compliance auditor for 2010 and 2011—Weworski & Associates. Relators' proposed Third Amended Complaint reflects these changes.

## ARGUMENT

I. <u>**APPLICABLE LEGAL STANDARD.**</u>

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading upon leave of the court and that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted) (reversing denial of leave to amend). "'The standard for granting leave to amend is generous.'" *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984 (9th Cir. 2011) ("*Corinthian Colleges*") (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990)).

Granting leave to amend is within the discretion of the court. *See, e.g.*, *Pisciotta v. Teledyne Indus., Inc.,* 91 F.3d 1326, 1331 (9th Cir. 1996). The factors most commonly considered when determining whether to grant leave to amend are "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal quotation marks omitted). The existence of prejudice to the opposing party is given the greatest weight. *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

(citation omitted; emphasis in original). The party opposing amendment of a pleading carries the burden to show why leave to amend should be denied. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## II.     THE PROPOSED AMENDMENTS.

Relators seek to amend the current complaint for three reasons. First, Relators seek to narrow and streamline the scope of the allegations and eliminate two theories of falsity from the SAC: Defendant Schools' violations of the attendance-taking and academic-progress requirements. (SAC ¶¶ 74–91, 300–325, 412, 421, 438, 445 (Parts V.F–V.G, VI.F–VI.G).) Relators did not include these allegations in their original Complaint (ECF No.1) because the information underlying those allegations was specific to a single campus, whereas the information available to Relators about the other theories of falsity—Defendant Schools' violations of the Incentive Compensation Ban and faculty qualification standards—applied to all or most of the campuses at all three Defendant Schools. When Relators filed the original Complaint, they also recognized the practical difficulty of proving such claims, which would likely require students' daily attendance and grade history to be reconstructed from memory years after the fact.

Nevertheless, Relators disclosed the information about Defendant Schools' violations of the attendance-taking and academic-progress requirements to the government after filing the original Complaint, and Relators sought the government's guidance. At the government's request, Relators filed the First Amended Complaint for the purpose, inter alia, of formally alleging the violations of attendance-taking and academic-progress requirements in a complaint under the

6

False Claims Act. However, since Relators never intended to pursue these theories of falsity at the outset—and since the government has elected against pursuing them—Relators wish to eliminate them and focus on the three remaining and more substantial theories, which span across all or most campus locations of all Defendant Schools and relate to company-wide policies and practices.

Second, Relators seek to correct a factual error in one paragraph of the SAC directed to PwC. Relators mistakenly alleged that PwC had "conducted the required audits of Defendant Schools for the years 2009, 2010, 2011, and 2012," when, in fact, PwC conducted the referenced audits in 2009 and only portions of the audits in 2010 and 2011.[3] (SAC ¶ 35.) After learning of the mistake, Relators' counsel brought the error to the attention of PwC's counsel and indicated Relators would correct the error in an amended complaint. (*See* PwC Mem. at 6, ECF No.97-1 at 11; Ex. J to PwC's Mem., ECF No.97-18.) Relators proposed to PwC that they wait until motions to dismiss were filed to make the corrections—which were due in just a few weeks (ECF No.74 at 8)—since Relators anticipated those motions would likely necessitate

---

[3] The miscommunication that led to the mistake concerning PwC stemmed from a change in auditing practices by Defendant Schools. From 2007 to 2009, Defendant Schools had same auditor perform both the financial *and* compliance audits required of Defendant Schools by the statutes governing their receipt of federal aid. In 2007 and 2008, that firm was Shaw Mumford; in 2009, it was PwC. (PwC Mem. 4-5, ECF#97-1 at 9–10.) But starting in 2010, Defendant Schools split the auditing responsibilities. So while PWC did conduct *financial* audits in 2010 and 2011, another firm—Weworksi & Associates—did the *compliance* audits. The SAC alleged that PwC performed audits in 2010 and 2011, but as PwC correctly points out (*id*.), the compliance audits—the relevant audits for those years under the current allegations—were performed by Weworksi. Relators told all of this to PWC's counsel in August 2014 and committed to correcting the error as soon as practicable, which they identified in connection with upcoming motions to dismiss. (PwC Mem. 6, ECF No.97-1 at 11; Ex. J to PwC Mem., ECF No.97-18.)

7

further amendments to the SAC. Relators proposed to correct the allegations against PwC at the same time. In fact, Relators' expectations about the need to file a Third Amended Complaint turned out to be accurate—hence this Motion.

Third, Relators seek to add further factual detail to the allegations relating to the auditors' false statements and conduct causing Defendant Schools to submit false claims, as well as to supplement the factual allegations on a few other minor issues. In their motions to dismiss, PwC and another auditor, Defendant Shaw Mumford, assert that the SAC lacks the necessary specificity under Federal Rule of Civil Procedure 9(b). While Relators will address the auditors' erroneous arguments in their responses to the motions to dismiss, Relators seek to obviate the groundless objections and provide the auditors with additional factual details, including the names and locations of the employees involved, the specific time periods that key statements and conduct occurred, and the specific false statements and certifications that the auditors made to the DOE and when they made them. Relators' proposed Third Amended Complaint contains such additional detail.

### III. RELATORS SHOULD BE ALLOWED TO AMEND THEIR COMPLAINT UNDER THE APPLICABLE FACTORS.

The Court should grant Relators leave to file the Third Amended Complaint attached hereto as Exhibit A. The factors to be considered by this Court weigh in favor of granting Relators' requested amendment.

First, Relators seek to amend the SAC in good faith. Relators did not withhold the information they seek to add to the complaint. Relators diligently investigated the facts as soon as the case was unsealed and have sought to amend

their complaint for good reasons—to streamline the case, correct good-faith errors, and add more detail to the allegations in the SAC that Defendants challenge through their various motions as insufficient.[4] Indeed, once freed of the confines of the automatic seal in False Claims Act cases, Relators were able to uncover additional details relating to their allegations, particularly those relating to the auditors' work. Accordingly, Relators now seek to file the Third Amended Complaint in order to correct certain factual inaccuracies and to supplement the complaint with additional factual details. Thus, Relators do not seek to amend their pleading in bad faith. *Cf. Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984) (amendment is not sought in good faith where the new theory is "patently frivolous").

In its motion to dismiss, PwC suggests that Relators are seeking to amend the complaint in bad faith because Relators anticipated that Defendants' motions to dismiss might require the filing of an amended complaint. (PwC Mem. 7, ECF No.97-1 at 12.) But PwC provides no legal authority or logical argument about why Relators' expectation that Defendants' motions to dismiss might necessitate further amendments demonstrates bad faith. On the contrary, courts routinely allow relators to file amended complaints in response to motions to dismiss, particularly motions brought under Federal Rule of Civil Procedure 9(b). *See, e.g.*, *Corinthian Colls.*, 655 F.3d at 995–96 (9th Cir. 2011) (finding the district "court abused its

---

[4] By seeking to amend their complaint to add more detail to certain of the allegations, Relators do not concede that Defendants' arguments are valid or that the SAC requires further detail to overcome Defendants' motions.

9

discretion" in failing to allow relator to amend False Claims Act complaint alleging claims against college and auditors for violations of the Incentive Compensation Ban); *United States ex rel. Tamanaha v. Furukawa Am., Inc.*, 445 Fed. App'x 992, 994 (9th Cir. 2011) (unpublished) (finding that "the district court abused its discretion in denying [the relator] leave to amend his complaint" under the False Claims Act in the face of a Rule 9(b) motion); *United States ex rel. Perry v. Hooker Creek Asphalt & Paving, LLC*, 565 Fed. App'x 669, 670 (9th Cir. 2014) (unpublished) (on reconsideration, holding that the district court erred in failing to allow relator to amend his complaint). Relators disagree that PwC's motion to dismiss raises valid arguments, but Relators are not acting in bad faith simply by bringing additional information about PwC's relevant conduct to the attention of the Court through an amendment.

Second, Relators have not unduly delayed in requesting leave to file an amended pleading. Indeed, Defendants were served with the SAC on September 8, 2014, and Defendants filed their motions to dismiss on October 27, 2014. Relators are now seeking to file a Third Amended Complaint within a month of receiving Defendants' motions to dismiss. This is not a situation where Relators have waited until the close of discovery or the eve of trial to seek leave to amend their complaint. Defendants have not even yet filed answers to the SAC. Thus, Relators are seeking to amend their pleading at a relatively early stage in the proceedings.

Third, Defendants will not be prejudiced by Relators obtaining leave to file the Third Amended Complaint. Relators do not seek to add new causes of action,

nor do they seek to advance new theories of this case. On the contrary, Relators seek to eliminate several theories of falsity from their allegations in order to streamline the litigation and focus on the most substantial, widespread violations. Additionally, Relators seek to correct certain prior errors in the SAC, which they immediately brought to the attention of the affected party (PwC), an action which cannot and does not prejudice Defendants. Finally, Relators seek to add more detail to their complaint relating to the auditors' conduct. The additional detail both responds to PwC's and Shaw Mumford's motions to dismiss and provides further information to those parties to aid their investigations. Furthermore, discovery has not yet begun in this case. Defendants will not be prejudiced by incurring any additional discovery costs or extended time of discovery.

Fourth, amendment of the SAC would not be futile. As noted previously, because Relators are only seeking to cure errors in the allegations and add further factual detail, no statutes of limitations or theories of liability are at issue with respect to Relators' proposed amendments. It would not be futile to allow Relators to clarify their allegations and allow all parties to proceed in this case with pleadings that are as accurate as possible. *See Corinthian Colls.*, 655 F.3d at 995–96 (reversing district court's implicit finding that proposed amendment would be futile); *Furukawa Am., Inc.*, 445 Fed. App'x at 993–94 (same).

For the fifth factor, the number of times the plaintiff has previously been allowed to amend, courts focus on the "repeated failure to cure deficiencies by previous amendments." *United States ex rel. Lee v. Beecham*, 245 F.3d 1048 (9th

11

Cir. 2001) (holding that trial court properly found that amended complaint failed to state a claim but that the court erred by not allowing an additional amended complaint). In the Federal Rule of Civil Procedure 9(b) context, where claims must be pled with particularity, courts often allow multiple amendments. *See, e.g., United States ex rel. Cericola v. Fed. Nat'l Mortg. Ass'n*, 529 F. Supp. 2d 1139, 1147 (C.D. Cal. 2007) (granting leave to file a fifth amended complaint in order to allege facts to satisfy Rule 9(b)); *United States ex rel. Schwartz v. Coastal Healthcare Grp.*, 232 F.3d 902 (10th Cir. 2000) (allowing a fourth amended complaint); *United States ex rel. Absher v. Momence Meadows Nursing Ctr., Inc.*, 764 F.3d 699 (7th Cir. 2014) (allowing a sixth amended complaint). Here, Relators have only filed three complaints. In any event, because allowing the proposed Third Amended Complaint will serve the interests of justice and permit the Court to dispose of Defendants' various motions on their merits, the Court should permit Relators to file the Third Amended Complaint.

## CONCLUSION

For the foregoing reasons, Relators respectfully request the Court grant the Motion and enter an Order allowing Relators to file the Third Amended Complaint attached hereto as Exhibit A.

//
//

DATED this 26th day of November 2014.

                                      /s/ Brandon J. Mark
                                      JOHN N. ZARIAN
                                      BRANDON J. MARK
                                      JOSEPH M. STULTZ
                                      ALISSA M. MELLEM
                                      PARSONS BEHLE & LATIMER
                                      *Attorneys for Relators*

## CERTIFICATE OF SERVICE

I certify that on November 26th, 2014, I caused the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** to be served on the following in the manner specified:

Eric B Swartz
eric@jonesandswartzlaw.com
Mark Paul Coonts
mark@jonesandswartzlaw.com
Gerald Ritzert
gritzert@ritzert-leyton.com
Steven M. Gombos
sgombos@ritzert-leyton.com
*(attorneys for defendants Center for Excellence in Higher Education, Inc., Stevens-Henager College, Inc., CollegeAmerica Denver, Inc., CollegeAmerica Arizona, Inc., California College of San Diego, Inc., and Carl Barney via the Court's CM/ECF system pursuant to LR 5.1(k))*

A. Dean Bennett
adbennett@hollandhart.com
Eric G. Maxfield
egmaxfield@hollandhart.com
*(attorneys for defendants Shaw, Mumford & Co., P.C., and Shaw & Co., P.C. via the Court's CM/ECF system pursuant to LR 5.1(k))*

Antony L. Ryan
aryan@cravath.com
Samira Shah
sshah@cravath.com
Thomas G. Rafferty
trafferty@cravath.com
Richard H. Greener
rgreener@greenerlaw.com
Thomas John Lloyd
tlloyd@greenerlaw.com
*(attorneys for defendant PriceWaterhouseCoopers LLP via the Court's CM/ECF system pursuant to LR 5.1(k))*

Wendy J. Olson, United States Attorney
Amy S. Howe, Assistant United States Attorney
Amy.Howe@USDOJ.gov
Jay D Majors
jay.majors@usdoj.gov
*(via the Court's CM/ECF system pursuant to LR 5.1(k))*

/s/ Brandon J. Mark