Richard H. Greener, ISB No. 1191
Daniel Loras Glynn, ISB No. 5113
Thomas J. Lloyd III, ISB No. 7772
GREENER BURKE SHOEMAKER OBERRECHT P.A.
950 W. Bannock Street, Suite 950
Boise, ID 83702
Telephone: (208) 319-2600
Facsimile: (208) 319-2601
Emails: *rgreener@greenerlaw.com*
*dglynn@greenerlaw.com*

Thomas G. Rafferty, *admitted pro hac vice*
Antony L. Ryan, *admitted pro hac vice*
Samira Shah, *admitted pro hac vice*
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Emails: *trafferty@cravath.com*
*aryan@cravath.com*
*sshah@cravath.com*

Attorneys for Defendant PricewaterhouseCoopers LLP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KATIE BROOKS and NANNETTE WRIDE,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVENS-HENAGER COLLEGE, INC., a Utah Corporation; CALIFORNIA COLLEGE SAN DIEGO, INC., a Utah Corporation; COLLEGEAMERICA DENVER, INC., a Colorado Corporation; COLLEGEAMERICA ARIZONA, INC., a Colorado Corporation; CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., an Indiana Corporation; CARL BARNEY, an individual; SHAW, | **Case No. 1:13-CV-00009-BLW**<br><br>**DEFENDANT PRICEWATERHOUSECOOPERS LLP'S RESPONSE TO DEFENDANT SCHOOLS' MOTION TO AMEND BRIEFING SCHEDULE FILED ON 12/11/14** |

MUMFORD & CO., P.C., an expired Utah Professional Corporation; SHAW & CO., P.C., a Utah Professional Corporation; PRICEWATERHOUSECOOPERS LLP, a Delaware Limited Liability Partnership; and DOES 1-500, Inclusive, et al.,

Defendants.

Defendant PricewaterhouseCoopers LLP ("PwC") respectfully submits this Response to Motion to Amend Briefing Schedule filed by defendants Stevens-Henager College, Inc., California College San Diego, Inc., CollegeAmerica Denver, Inc., CollegeAmerica Arizona, Inc., Center for Excellence in Higher Education, Inc. and Carl Barney (collectively, "Defendant Schools") on December 11, 2014 (ECF No. 116).

PwC does not object to Defendant Schools' request for an extension to the current briefing schedule to accommodate counsel. PwC believes, however, that any extension to the schedule that the Court may be inclined to grant should apply to both the pending motions to dismiss the Second Amendment Complaint (ECF Nos. 97, 98, 101) as well as the pending motion for leave to file the proposed Third Amended Complaint (ECF Nos. 114,115). As discussed below, PwC believes that the pending motions to dismiss the Second Amended Complaint should be decided along with Relators' belated request to file the proposed Third Amended Complaint, which like the operative complaint fails to state a claim against PwC, thus rendering any amendment futile.

## I. Despite Acknowledging That Their Second Amended Complaint Was Deficient, Relators Delayed Filing for Leave to Amend Until After Defendants Moved to Dismiss.

Relators knew that the Second Amended Complaint was deficient as to PwC even before defendants filed their motions to dismiss it. On August 28, 2014, Relators' counsel informed

PwC's counsel that he knew that paragraph 35 of the Second Amended Complaint—the only paragraph that refers to PwC by name—was factually inaccurate. (*See* PwC Mot. Dismiss Ex. I, ECF No. 97-17.) On September 11, 2014, PwC's counsel requested that Relators amend their pleading to correct the factual inaccuracies in the Second Amended Complaint before PwC moved against or answered that pleading, and stated that PwC would not oppose a motion by Relators for leave to amend their pleading for the sole purpose of correcting those factual inaccuracies. (*Id.*) Although on September 17, 2014 Relators' counsel acknowledged "one factual error in [the Second Amended Complaint's] allegations directed to PWC" (PwC Mot. Dismiss Ex. J, at 1, ECF No. 97-18), he declined to seek leave to amend the Second Amended Complaint to fix it before PwC moved to dismiss (*id.* at 2-3). For seemingly tactical reasons, Relators declined to amend before defendants moved to dismiss, requiring PwC and the other defendants to expend resources moving to dismiss a complaint with which Relators did not intend to proceed. Relators' counsel argued that it would be "counterproductive" because he believed that it was "virtually impossible to foresee a situation in which relators will not have to file another amended complaint in response to anticipated motions under Rule 12 from the various defendants in this matter." (*Id.* at 2-3.)

On October 27, 2014, all of the current defendants in the action—PwC, Shaw and Defendant Schools—moved to dismiss Relators' Second Amended Complaint. (*See* ECF Nos. 97, 98, 101.) In response, on November 26, 2014, Relators opposed defendants' motions to dismiss the Second Amended Complaint. (*See* ECF Nos. 111-113.) At the same time, Relators also moved for leave to file the proposed Third Amended Complaint. (*See* ECF Nos. 114, 115.) Relators knew that they were planning to amend the Second Amended Complaint but delayed doing so until after defendants moved to dismiss it, which could only have been designed to gain

a tactical advantage. Relators should now live with the consequences of that decision by having the motions to dismiss the Second Amended Complaint completely briefed and adjudicated before their motion for leave to amend is considered.

In response to defendants' motions to dismiss, Relators filed their motion for leave to file the proposed Third Amended Complaint. At the same time, they did not abandon the Second Amended Complaint but defended it in oppositions to defendants' motions to dismiss it. (*See* ECF Nos. 111-113.) Thus, the Second Amended Complaint is still the operative complaint in this action. Defendants' reply briefs in support of their motions to dismiss the Second Amended Complaint are due on December 17, 2014. (Order, Oct. 1, 2014, ECF No. 92.) Defendants' oppositions to Relators' motion for leave to amend are due at the same time or shortly thereafter, on December 22, 2014, and Relators' reply brief is due on January 8, 2015. Dist. Idaho Loc. Civ. R. 7.1.

## II. The Reply Briefs on Defendants' Motions to Dismiss Should Be Kept on the Same Schedule as the Briefing on Relators' Motion for Leave to Amend.

PwC objects to switching the current order of the motions by putting briefing on the motions to dismiss the Second Amended Complaint on hold while the parties complete briefing and the Court determines the motion for leave to amend. Briefing is scheduled—as it should be—to be completed on the motions to dismiss first and then on the motion for leave to amend.

PwC submits that the primary issue for the Court in deciding whether to grant leave to file the proposed Third Amended Complaint will be to determine if such amendment would be futile. To evaluate whether filing the proposed Third Amended Complaint would be futile because it fails to resolve the deficiencies of the Second Amended Complaint, we believe that the Court should first consider the pending motions to dismiss. To alter the order and put off

briefing on the motions to dismiss until months after the motion for leave to amend is decided, as Defendant Schools suggest, would not only put the cart before the horse but would also involve extensive delay and resulting expense to the parties. Defendants' reply briefs on their motions to dismiss the Second Amended Complaint and their oppositions to Relators' motion to amend should be due at the same time, and we urge the Court to decide the motions to dismiss before the motion for leave to amend.

When PwC files its reply brief in support of its motion to dismiss the Second Amended Complaint, PwC also intends to oppose Relators' motion for leave to file the proposed Third Amended Complaint, because (1) Relators unduly delayed amending their complaint, and (2) the amendment is futile because it does not cure the deficiencies in the Second Amended Complaint as to PwC. Because PwC's motion to dismiss the Second Amended Complaint and its opposition to Relators' motion for leave to file the proposed Third Amended Complaint go hand in hand, it would be efficient for the deadlines for defendants' oppositions to the motion for leave to amend to be the same as the deadline for defendants' reply briefs in support of their motions to dismiss. In that event, PwC would file a single reply brief addressing the motion to dismiss as well as the motion for leave to file the proposed Third Amended Complaint. That approach would, we respectfully submit, promote judicial efficiency by allowing this Court to consider the motions to dismiss and then Relators' motion for leave to file the proposed Third Amended Complaint.

**Conclusion**

PwC respectfully requests that the Court schedule the same deadline for defendants' reply briefs on their motions to dismiss and defendants' oppositions to Relators' motion for leave to file the proposed Third Amended Complaint. Those deadlines are currently December 17, 2014,

and December 22, 2014, respectively. To accommodate the request by counsel for Defendant Schools for an extension, PwC respectfully requests that the deadline for both of those sets of briefs be set for January 5, 2015, and that the deadline for Relators' reply brief in support of its motion for leave to file the proposed Third Amended Complaint be set for January 22, 2015.

Respectfully submitted,

Dated: December 15, 2014

GREENER BURKE SHOEMAKER OBERRECHT P.A.

Richard H. Greener
Daniel Loras Glynn

Thomas G. Rafferty (admitted *pro hac vice*)
Antony L. Ryan (admitted *pro hac vice*)
Samira Shah (admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP

*Attorneys for Defendant PricewaterhouseCoopers LLP*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of December, 2014, I filed the foregoing document electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Amy S. Howe – Amy.Howe@usdoj.gov; dani.renk@usdoj.gov; fran.broughton@usdoj.gov; heather.crawford@usdoj.gov; kathy.sims@usdoj.gov; USAID.EDFNOTICE@USDOJ.GOV

Jay D. Majors – Jay.Majors@usdoj.gov

John N. Zarian – jzarian@parsonsbehle.com; cpontak@parsonsbehle.com; Docket@parsonsbehle.com; ECF@parsonsbehle.com; jcafferty@parsonsbehle.com

Brandon J. Mark – bmark@parsonsbehle.com; ecf@parsonsbehle.com

Alissa M Mellem – AMellem@parsonsbehle.com; ecf@parsonsbehle.com

Joseph M. Stultz - jstultz@parsonsbehle.com; ecf@parsonsbehle.com

Eric B. Swartz – eric@jonesandswartzlaw.com; beth@jonesandswartzlaw.com; mat@jonesandswartzlaw.com

Mark Paul Coonts – mark@jonesandswartzlaw.com

Gerald M. Ritzert – gritzert@ritzert-leyton.com

Steven M. Gombos – sgombos@ritzert-leyton.com; amehrotra@ritzert-leyton.com; bwalker@ritzert-leyton.com

A. Dean Bennett – adbennett@hollandhart.com; boiseintaketeam@hollandhart.com; sdalonzo@hollandhart.com

Eric G Maxfield – EGMaxfield@hollandhart.com

I FURTHER CERTIFY that, on such date, I served the foregoing document on the following non-CM/ECF Registered Participants in the manner indicated:

Via First Class Mail, postage prepaid, addressed as follows:

N/A

Richard H. Greener/Daniel Loras Glynn