John N. Zarian, ISB No. 7390
PARSONS BEHLE & LATIMER
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email:  jzarian@parsonsbehle.com

*Attorneys for Relators and Plaintiffs
Katie Brooks and Nannette Wride*

Brandon J. Mark (pro hac vice)
Joseph M. Stultz (pro hac vice)
Alissa M. Mellem (pro hac vice)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
Email:  bmark@parsonsbehle.com
          jstultz@parsonsbehle.com
          amellem@parsonsbehle.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KATIE BROOKS and NANNETTE WRIDE,<br><br>    Plaintiffs,<br><br>vs.<br><br>STEVENS-HENAGER COLLEGE, INC., a Utah Corporation; CALIFORNIA COLLEGE SAN DIEGO, INC., a Utah Corporation; COLLEGEAMERICA DENVER, INC., a Colorado Corporation; COLLEGEAMERICA ARIZONA, INC., a Colorado Corporation; CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., an Indiana Corporation; CARL BARNEY, an individual; SHAW, MUMFORD & CO., P.C., an expired Utah Professional Corporation; SHAW & CO., P.C., a Utah Professional Corporation; PRICEWATERHOUSECOOPERS LLP, a Delaware Limited Liability Partnership; and DOES 1-500, Inclusive,<br><br>    Defendants. | Case No. 1:13-cv-00009-BLW<br><br>**RELATORS' RESPONSE TO BARNEY AND DEFENDANT SCHOOLS' MOTION TO AMEND BRIEFING SCHEDULE (ECF NO.116) FILED ON 12/11/14** |

# INTRODUCTION

Relators respectfully request that the Court reject the Schools' request to completely revamp the briefing schedule and essentially start over. Relators' motion to amend the complaint is a routine response to motions to dismiss. Since Defendants PricewaterhouseCoopers ("PwC") and Shaw & Co. ("Shaw") will oppose Relators' motion to amend because it is supposedly futile (and for other reasons[1]), the most efficient course of action is to complete the briefing on all motions, as PwC, Shaw, and the Government all agree. All such motions will be fully briefed in the near future, even allowing a short extension to accommodate the Schools' counsel.

But even if the Court stays the Schools' motion to dismiss, there is no basis to stay (1) the motion to transfer, (2) PwC's and Shaw's motions to dismiss, or (3) the motion to amend. Since the Schools have consented to the motion to amend (Schools' Mem. 3 n.2), and the only parties who will oppose it—PwC and Shaw—have not requested an extension (other than to align their deadlines), there is no reason to delay that motion. There is also no good reason to delay the motion to transfer, which is not affected by the proposed amendment.

I. **RESOLUTION OF THE OUTSTANDING MOTIONS WILL MOST EFFICIENTLY MOVE THE CASE FORWARD.**

  A. **There Is No Basis to Restart the Motion to Transfer.**

As this Court is aware, the progress of this case has been slow. The Schools' proposal will only add further unnecessary delay to the resolution of several

---

[1] PwC mischaracterizes the discussions between counsel leading up to the motion to amend, which Relators have addressed elsewhere. (*See* Mem. in Supp. of Mot. to Amend 7-10 (ECF No. 115).) Such issues are not before the Court on this Motion.

1

important issues pending before the Court without any corresponding benefit. The Schools' suggestion that Relators' motion to amend and proposed Third Amended Complaint ("TAC") justify the delay is incorrect. As the redlined version of the TAC shows (ECF No. 115-2), the TAC does only the following: (1) eliminates two theories of falsity against the Schools (fraudulent grade and attendance reporting) (*id.* (deleting SAC ¶¶ 74–91, 300–25)); (2) provides a few more facts about Carl Barney's involvement, which only recently became available (*id.* ¶¶ 21, 243–44); (3) provides a few more facts and a little more detail about the pertinent legal standards for the 90/10 allegations against the Schools (*id.* ¶¶ 68–69, 283–85); (4) adds more specificity with regard to the allegations against PwC and Shaw (*id.* ¶¶ 349–351, 359–78, 379–89, 397–99, 401–403, 405); and (5) adds Weworksi & Associates ("Weworksi") as a defendant because Relators learned after filing the Second Amended Complaint ("SAC") that Weworski and not PwC had performed the relevant audits for 2010 and 2011 (*id.* ¶¶ 36, 390–96).

  First, none of the proposed amendments significantly affects the motion to transfer. Briefing on that motion is almost complete, with only the Schools' reply remaining. While the Schools speculate that California-based Weworksi may want to join their motion to transfer the case to Utah, they fail to offer any plausible reason to believe that Weworski—who the Schools admit performed its audit work in California (Juhlin Decl. ¶ 52 (ECF No. 100 at 15) ("compliance audits for those fiscal years [2010 and 2011] were performed by Weworski and Associates located in San Diego, California"))—will have anything significant to add to the motion-to-

2

transfer analysis. Should Weworski later desire to seek a transfer, a ruling on the Schools' motion to transfer now will make any subsequent motion by Weworski that much more efficient.

Second, the Schools' suggestion that they should be allowed to file a new motion to transfer because the TAC proposes to eliminate two theories of falsity is also without merit. While the Schools claim that they "spent significant analysis and argument" on those two theories in their motion to transfer (Schools' Mem. 2), a simple review of the Schools' brief shows this claim to be greatly exaggerated. In their twenty pages of argument on the transfer issues, the Schools spent less than a page specifically addressing the grade and attendance allegations. (Schools' Mem. in Supp. of Mot. to Transfer (ECF No. 103) at 17 (two sentences), 20 (three sentences), 22–23 (four sentences)). If the Schools believe the elimination of those two theories of falsity affect the transfer motion, they can adequately address those issues in their reply memorandum.

### B. Because PwC and Shaw Intend to Oppose the TAC as Futile, the Court Should Decide the Pending Motions to Dismiss.

If all Defendants had agreed to stipulate to the filing of the TAC, it probably would have been more efficient for the Court to declare the motions to dismiss based on the SAC moot. This is the common approach when parties exercise their automatic right of amendment in response to motions to dismiss under Federal Rule of Civil Procedure 15(a)(1). Indeed, in a meet and confer attempting to reach a stipulation, Relators agreed to this approach, but it was Defendants who could not reach consensus amongst themselves.

3

Since PwC and Shaw will oppose the TAC as futile, the efficiency analysis changes. In this situation, courts routinely find that it is more efficient to rule on the pending motions to dismiss before—or concurrently with—the motion to amend. *See, e.g.*, *Higbie v. Powell*, CIV.A 3:04-CV-0725, 2004 WL 2625257, at *1 (N.D. Tex. Sept. 28, 2004); *Miles v. Univ. of the D.C.*, CV 12-378, 2013 WL 5817657, at *6 (D.D.C. Oct. 30, 2013); *Tully v. Eaton Corp.*, CIV.A. 12-256, 2013 WL 4460272, at *7 (E.D. Ky. Aug. 16, 2013). Courts often prefer this approach because it provides the possibility that the ruling on the motion to dismiss will moot the futility argument. Indeed, Relators have argued that the SAC adequately states claims against PwC and Shaw. If the Court rules, based on *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984 (9th Cir. 2011), that the SAC adequately states claims against PwC and Shaw, then their arguments that the TAC is futile are moot. Only if the Court rules the SAC is inadequate must it then address whether the TAC cures the supposed deficiencies under PwC's and Shaw's anticipated futility arguments. Thus, continuing with the auditors' motions to dismiss and the motion to amend is the most efficient course.

Continuing with the Schools' motion to dismiss will also aid efficiency. That motion is now almost fully briefed—only the Schools' reply is left. There is no good reason to abandon that motion at this point. If the Court determines the allegations against the Schools in the SAC are adequate, then the Court will have disposed of the Schools' dismissal arguments and the case can move forward. At that point, no further motions to dismiss would be appropriate from the Schools since the TAC

4

does not add any claims or theories of liability against those parties—all available arguments will have been made and ruled on at that point.

But even if the Court determines that some or all of the SAC is insufficient against the Schools, that ruling will also yield future efficiencies because the Court will have identified the portions of the SAC that require amendment or face final dismissal.[2] *See, e.g.*, *Corinthian Colls.*, 655 F.3d at 994–95 (specifically identifying parts of complaint that required amendment). Such a ruling will make further proceedings far more efficient since the parties and the Court will be able to focus narrowly on only those issues identified in the Court's ruling as requiring further attention.

## CONCLUSION

For the foregoing reasons, the Court should enter an order continuing the briefing on the pending motions with a short accommodation for the Schools' counsel.

---

[2] The Schools imply that Relators refused to consent to several things during the parties' negotiations—including that the "TAC shall be the final amendment" and all claims that Relators withdrew from the SAC be forever barred. (Schools' Mem. 4 & n.3.) But these issues were never explicitly addressed between the parties during negotiations. There is no legal basis to prevent Relators from filing further amendments (though none are anticipated), and the Schools certainly do not offer any. Although Relators believe the allegations in the SAC are more than adequate to maintain their claims against the Schools, Relators have also requested the opportunity to amend their allegations should the Court disagree. (Resp. to Schools' Mot. to Dismiss 46.) Relators have, however, previously agreed that they will not pursue any of the theories of liability withdrawn from the SAC relating to grade and attendance issues. If the Schools had actually asked for such an agreement, Relators would have so stipulated.

5

DATED this 15th day of December 2014.

                                           /s/ Brandon J. Mark
                                           JOHN N. ZARIAN
                                           BRANDON J. MARK
                                           JOSEPH M. STULTZ
                                           ALISSA M. MELLEM
                                           PARSONS BEHLE & LATIMER
                                           *Attorneys for Relators*

## CERTIFICATE OF SERVICE

I certify that on December 15, 2014, I caused the foregoing **RELATORS' RESPONSE TO BARNEY AND DEFENDANT SCHOOLS' MOTION TO AMEND BRIEFING SCHEDULE (ECF NO.116) FILED ON 12/11/14** to be served on the following in the manner specified:

Eric B Swartz
eric@jonesandswartzlaw.com
Mark Paul Coonts
mark@jonesandswartzlaw.com
Gerald Ritzert
gritzert@ritzert-leyton.com
Steven M. Gombos
sgombos@ritzert-leyton.com
*(attorneys for defendants Center for Excellence in Higher Education, Inc., Stevens-Henager College, Inc., CollegeAmerica Denver, Inc., CollegeAmerica Arizona, Inc., California College of San Diego, Inc., and Carl Barney via the Court's CM/ECF system pursuant to LR 5.1(k))*

A. Dean Bennett
adbennett@hollandhart.com
Eric G. Maxfield
egmaxfield@hollandhart.com
*(attorneys for defendants Shaw, Mumford & Co., P.C., and Shaw & Co., P.C. via the Court's CM/ECF system pursuant to LR 5.1(k))*

Antony L. Ryan
aryan@cravath.com
Samira Shah
sshah@cravath.com
Thomas G. Rafferty
trafferty@cravath.com
Richard H. Greener
rgreener@greenerlaw.com
Thomas John Lloyd
tlloyd@greenerlaw.com
*(attorneys for defendant PriceWaterhouseCoopers LLP via the Court's CM/ECF system pursuant to LR 5.1(k))*

Wendy J. Olson, United States Attorney
Amy S. Howe, Assistant United States Attorney
Amy.Howe@USDOJ.gov
Jay D Majors
jay.majors@usdoj.gov
*(via the Court's CM/ECF system pursuant to LR 5.1(k))*

/s/ Brandon J. Mark